Hon. Frank W. Bratt Chairman New York State Soil and Water Conservation Committee
You have requested an opinion as to whether a soil and water conservation district has authority to act as a marketing agent, or a marketing coordinating agency, for the marketing of livestock and crops.
Under the Soil and Water Conservation Districts Law, the board of supervisors of a county may declare the county to be a soil and water conservation district when they determine "that conservation of soil and water resources and control and prevention of soil erosion and prevention of floodwater and sediment damages are problems of public concern in the county, and further [determine] that a substantial proportion of the rural land occupiers of the county favor such a resolution" (Soil and Water Conservation Districts Law, § 5[1]). These districts implement the policy of the Soil and Water Conservations District Law, which is set forth in the following way:
 "to provide for the conservation of the soil and water resources of this state, and for the control and prevention of soil erosion and for the prevention of floodwater and sediment damages and for furthering the conservation, development, utilization and disposal of water . . ." (Soil and Water Conservation Districts Law, § 2).
Section 9 of the Soil and Water Conservation Districts Law specifically lists the powers of the district. These powers include authority to conduct surveys, investigations, and research relating to the character of soil erosion and floodwater and sediment damages (id., § 9[1]); authority to carry out preventative and control measures within the district (id., § 9[2]); authority to cooperate, and enter agreements with any public or private agency in carrying on erosion control, flood prevention and sediment damage prevention operations (id., § 9[3]); to make available to land occupiers within the district agricultural and engineering machinery and equipment and such other material as will assist land occupiers to effectively conserve and utilize the district's soil and water resources (id., § 9[5]); and authority to develop comprehensive plans for the conservation of soil and water resources and for the control and prevention of soil erosion and other conservation matters (id., § 9[7]). These duties, and the other duties listed in the Soil and Water Conservation Districts Law, reflect the purpose of the law as set forth in section 2: to provide for the conservation of the soil and water resources of this State, and for the control and prevention of soil erosion and for the prevention of floodwaters and sediment damages.
St. Lawrence County's Soil and Water Conservation District has implemented the "Adirondack North Country Association Local Agricultural Marketing Project". As stated in your letter, the purpose of the program is to encourage the marketing of livestock, particularly feeder pigs and Easter lambs.* The district has retained a local livestock farmer to act as a marketing coordinator. Apparently, the coordinator assists farmers in marketing their livestock by monitoring market prices and trends. The "key to the entire program", as described in the prospectus prepared by the district is to offer "hands-on assistance in actually obtaining successful marketing". You have asked whether such a marketing program is within the district's authority.
Preliminarily, it should be noted that there is no explicit authorization in the Soil and Water Conservation Districts Law for a district to engage in the marketing activity involved here. The specific duties that are listed directly concern management of soil and water problems — erosion, drainage, floodwaters, and sediment damages. Even a liberal reading of these duties does not reveal any authority for the district to engage in marketing activity (Soil and Water Conservation Districts Law, § 9).
In the past, we have construed the provisions of the statute strictly, to allow only those activities which are expressly authorized. We have found that the statute does not authorize the district to pay dues to the Soil Conservation District Association (1948 Op Atty Gen 13) and that the statute does not authorize the district to require landowners in the district to enter a cooperative agreement with the district (1975 Op Atty Gen 74). We conclude that a soil and water conservation district does not have the authority to act as a marketing agent, or a marketing coordinating agency for the marketing of livestock and crops. Although proponents of the plan have raised the argument that the district's marketing activity serves to improve soil and water conditions by encouraging certain types of farming and generating profits which can be used to improve drainage conditions, we are not persuaded that the statute authorizes this activity. In our opinion, marketing activity is too far removed from the specific activities permitted under section9 of the Soil and Water Conservation Districts Law to be permissible. The fact that profits generated by the program could be used to improve soil and water conditions does not make the marketing activity any more related to the powers of a soil and water conservation district.
We conclude that a soil and water conservation district does not have authority under the Soil and Water Conservation Districts Law to act as a marketing agent or marketing coordinating agency for the marketing of livestock and crops raised in the district.
* The materials submitted with your request list the following program objectives:
 1. Assist rural residents in obtaining supplemental income by assisting in obtaining successful marketing.
 2. Diversification of local agriculture from its primarily dairy oriented base.
 3. Increase promotion of locally produced products by increasing public awareness through the following methods.
a. Publishing weekly newspaper articles
b. Giving public presentations
c. Through television media
 d. Labeling that displays pride, quality and craftsmanship to establish excellent local product identity
 4. Reincorporate much of the county's idle or unused land into a productive income producing resource.
 5. Provide initiative to attract new industry and employment opportunities in St. Lawrence in the processing fields.
 6. Enable local producers (Livestock and Cash Crop) to provide consistent supply of products enabling them to penetrate local markets and processors.